UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREE,
    Plaintiff,

-vs.-                                        **DEMAND FOR JURY TRIAL**

PORTFOLIO RECOVERY ASSOCIATES, LLC,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit Portfolio Recovery Associates which is a Virginia company.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Ottawa County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on two consumer type debts allegedly owed by Plaintiff.

7. One of these alleged debts is in regards to a personal HSBC credit card in the amount of about $1,170 ("Debt 1"). Defendant filed a lawsuit against Plaintiff for Debt1 around July 5, 2012 and there is currently no judgment in place.

8. The other debt that Defendant is attempting to collect on is in regard to an alleged debt to First National Bank of Omaha in the amount of about $1,000 ("Debt 2").

9. The last time Plaintiff made a payment on Debt 2 was in 2003 and Defendant has not filed a lawsuit against Plaintiff for this particular debt.

10. Defendant first started calling Plaintiff in an attempt to collect on this alleged HSBC Debt 1 about a year ago. Defendant has been calling Plaintiff at the following number: xxx-xxx-8383.

11. Plaintiff last lived with his father in July 2011.

12. Sometime in either May or June 2012, Defendant called Plaintiff's father, Lawrence Andree, in regards to Debt1.

13. During this conversation, Lawrence told Defendant that Plaintiff does not live there and said, "I'd appreciate it if you would stop calling." Defendant responded by saying, "Well,

this is a contact number that we have for him." Lawrence said, "This is not the number to reach him. This phone is registered to Lawrence Andree." Defendant said, "We are trying to reach Michael Andree because he does not pay his bills." Lawrence said, "That's not my business," and hung up on Defendant.

14. On or about July 18, 2012, Defendant called Plaintiff in an attempt to collect on Debt 2.

15. During this conversation, Plaintiff told Defendant that he has no recollection of this alleged debt. Defendant told Plaintiff that the debt was from 2003. Plaintiff said, "You cannot collect on this after six years even if it is my debt, but I don't recall it. Please stop bothering me about this."

16. In response, Defendant said, "That is not the way it works. You need to submit paperwork to us. You have to put everything in writing." Defendant also told Plaintiff that this is still his debt, that they can still collect on it and they will continue with the collection process. Defendant also said that this alleged debt was negatively impacting his credit score.

17. Defendant is currently calling Plaintiff's phone, which is xxx-xxx-8383 in regard to Debt 2. Sometimes Defendant has called Plaintiff up to three times in one day.

18. On or about July 18, 2012, Defendant called Plaintiff using all zeros on the caller identification. Plaintiff knows this was Defendant because he answered the phone and Defendant identified itself as being Portfolio Recovery.

19. These repeated phone calls from Defendant are putting a strain on Plaintiff's marriage.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.
b. Statutory damages.
c. Treble damages.
d. Statutory costs and attorney fees.

5

Respectfully submitted,

August 5, 2012
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff