UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL ANDREE,

        Plaintiff,

                                       File No. 1:12-CV-882

v.

                                       HON. ROBERT HOLMES BELL

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

        Defendant.

_____/

## A M E N D E D   O P I N I O N

This action alleging unfair collection practices is before the Court on cross-motions for summary judgment. (Dkt. Nos. 39, 42.) For the reasons that follow, Plaintiff's motion will be denied and Defendant's motion will be granted.

### I.

On April 30, 2007, Defendant Portfolio Recovery Associates, LLC ("PRA") purchased a First National Bank of Omaha account in the amount of $451.75. (Privette Decl. ¶ 13.) On February 24, 2009, PRA purchased an HSBC credit card account in the amount of $1,152.05. (*Id.* at ¶ 14.) Both accounts bore the name and social security number of Plaintiff Michael Andree. Plaintiff denies that either account belongs to him.

In this action Plaintiff alleges that PRA, in attempting to collect on the two debts allegedly owed by Plaintiff, violated various provisions of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Michigan Occupational Code, Mich. Comp. Laws § 339.901, *et seq.*; and the Michigan Collection Practices Act, Mich. Comp. Laws § 445.251, *et seq.*, by disclosing to a third party that it was attempting to collect a debt from Plaintiff, and by making false representations. (Dkt. No. 1, Compl.)

Plaintiff has filed a motion for partial summary judgment as to Count I of his complaint which alleges a violation of 15 U.S.C. § 1692c of the FDCPA. (Dkt. No. 38.) Defendant has filed a cross-motion for summary judgment in its favor on all of Plaintiff's claims. (Dkt. No. 42.) Plaintiff has advised the Court that he does not intend to seek actual damages or move forward with his claims of false representations under 15 U.S.C. § 1692e at trial. (Dkt. No. 51, Pl.'s Reply & Resp. at ii.) Further, Plaintiff has abandoned his state law claims (Counts II and III). (*Id.*) Accordingly, the only issue for resolution in these cross-motions for summary judgment is whether there is an issue of material fact for trial on Plaintiff's claim that Defendant violated §§ 1692b(2) [1] and 1692c(b)[2] of the FDCPA by

---

[1] Section 1692b provides that a debt collector who communicates with any person other than the consumer for the purpose of acquiring location information about the consumer shall "not state that such consumer owes any debt." 15 U.S.C. § 1692b.

[2] Section 1692c(b) provides that:

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

disclosing Plaintiff's debts to a third-party.

## II.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In support of his affirmative motion for summary judgment, Plaintiff Michael Andree relies solely on the deposition testimony of his father, Lawrence Andree. Lawrence Andree testified that in May or June of 2012, someone from PRA called him and disclosed that he was trying to collect a debt owed by Plaintiff Michael Andree:

> The last time the gentleman called, it was a very nice guy. I just told him that, you know, Michael wasn't there. H gave me his, you know, the name and the phone number, and I told him I would refer the message. I mentioned to him that I would really appreciate them taking us off this list. Because I said Michael doesn't live here. And he said this is a reference number that we have. So, he must have given it to you. And I explained to him that we didn't appreciate all the calls and to please take us off his list. And he says well if he pays his bill or his debt, we'll stop calling you.

(L. Andree Dep. 11.) Lawrence Andree gave PRA's contact information to his son, Plaintiff Michael Andree. (Id. at 12.) Lawrence Andree acknowledged that he did not make any written notes of his call from PRA other than recording the company name and telephone number. (L. Andree Dep. 12.)

When asked how many times PRA called his home telephone number, Lawrence Andree answered

> I never really kept track. Sometimes we would get calls two, three times a day. Sometimes the person would identify themselves. Other times they would not. I identified myself as being the father. And the person on the other end said well, this is personal and confidential,. So, I never really knew, you know, what was going on.

(L. Andree Dep. 9.) Lawrence Andree also acknowledged that during this time period other debt collectors were calling Plaintiff's parents' house in an attempt to reach Plaintiff:

> Q.    And were  you getting any other calls for Michael at all to your house number?
>
> A.    Yes. I mean, I don't know who –
>
> Q.    And who were those?
>
> A.    I have no clue. A lot of them would – I mean, the calls would come in. They always ask for Michael Andree. And I would try and tell them the

4

> same thing, Michael doesn't live here. I'm the father. Some would hang up. Some would just, you know, tell me that it was a personal matter. And one or two times somebody would say well we're a collection agency. And they said that they would call back. I was telling them to take me off their list.

(L. Andree Dep. at 13.)

In response to Plaintiff's motion for summary judgment, Defendant has produced its Outbound and Inbound Call Logs. (Dkt. No. 42, Def. Resp., Exs. 1, 4.) The Outbound Call Log reflects that PRA placed no calls to Plaintiff's parents' home in May or June of 2012. The last time PRA called Plaintiff's parent's home was on December 29, 2011. In the one-year period prior to August 22, 2012, when this action was filed,[3] PRA only called Plaintiff's parents' telephone number, XXX-XXX-0257, five times. (Def. Ex. 1, PRA 009, PRA 0012, PRA 0084-85.; Def. Ex. 4, Privette Decl. ¶ 34.) Of those five calls, the telephone was answered only one time, on July 18, 2012, and on that occasion the telephone was answered by Plaintiff's mother. That call was recorded, and the transcript of the call reflects that the caller from PRA made no mention of a debt or a bill owed by Plaintiff Michael Andree. (Privette Decl. ¶ 36.) The evidence presented by Defendant is more than sufficient to create an issue of fact for trial as to whether Defendant discussed Plaintiff's debt with third parties.

---

[3] An action to enforce any liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k. Because this action was commenced on August 22, 2012, the only relevant violations are those that occurred after August 22, 2011.

Plaintiff's motion for summary judgment must accordingly be denied.

In its cross-appeal, Defendant requests summary judgment in its favor on Plaintiff's FDCPA claim based on its contention that the undisputed evidence proves that PRA never spoke to Plaintiff's father such that it could have disclosed that the Plaintiff owed a "debt" to PRA.  In support of this request, Defendant has produced evidence that the Outbound Call Log is a system generated document which cannot be altered or modified in any way by any collector or PRA employee.  (Privette Decl. ¶ 16.)  According to Tara Privette, Senior Vice-President of Operations at PRA, it did not, and could not have placed any call to Plaintiff's parents' phone number, XXX-XXX-0257, which is not logged in PRA's Outbound Call Log.  (*Id.* at ¶ 17.)

In response to Defendant's motion, Plaintiff simply relies on the same evidence it presented in support of his own motion for summary judgment, i.e., the deposition of Plaintiff's father.  Plaintiff contends that his father's testimony is sufficient to create a genuine issue of material fact for trial.

Construing the facts on summary judgment in the light most favorable to the non-moving party usually means adopting the plaintiff's version of the facts. *Scott v. Harris*, 550 U.S. 372, 378 (2007).  However, the *Scott* court reminded that facts must be viewed in the light most favorable to the non-moving party only if there is a "genuine" dispute as to those facts." *Id*. at 380 (quoting Fed. R. Civ. P. 56(c)).  In *Scott*, the motorist and the officer gave conflicting testimony regarding the motorist's claim that the officer used excessive

force in ramming his car after a high-speed chase. 550 U.S. at 386. Notwithstanding the conflicting testimony, the Supreme Court held that the officer was entitled to summary judgment because the record included a videotape capturing the police chase which clearly contradicted the motorist's contention that he was driving carefully. *Id*. at 379. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. The Sixth Circuit has noted that "courts routinely look to *Scott* for guidance in determining whether the non-moving party's version of the events is so blatantly contradicted by objective evidence in the record that it fails to create a genuine issue of material fact for trial, even in the absence of a videotape." *Coble v. City of White House, Tenn*., 634 F.3d 865, 869 (6th Cir. 2011) (citing cases); *see also United States v. Hughes*, 606 F.3d 311, 319 (6th Cir. 2010) (holding that in the summary judgment context a court should not accept a "visible fiction" that is "so utterly discredited by the record that no reasonable jury could have believed it") (quoting *Scott*, 550 U.S. at 380-81)); *Shreve v. Jessamine Cnty. Fiscal Ct.*, 453 F.3d 681, 688 (6th Cir. 2006) (suggesting, before *Scott* was decided, that it would be proper to discount the plaintiff's evidence where the defendants' evidence was "so objectively compelling" that no reasonable juror could believe the plaintiff).

Defendant's Outbound Call Log automatically records every call that was placed by Defendant to Plaintiff's parent's home. The Call Log reflects that no calls were placed to

7

Plaintiff's parent's home in May or June 2012, and that since August 2011, only one call was answered, and that call was answered by Plaintiff's mother, not by his father. This objective evidence clearly contradicts the version of the story told by Plaintiff's father. Plaintiff has not challenged Privette's assertion that the Call Log cannot be manipulated by PRA employees. Plaintiff has not presented his parents' telephone records to show that they did in fact receive a call from PRA in May or June 2012, as alleged. Neither has Plaintiff produced any other evidence challenging the accuracy or completeness of Defendant's Call Logs.

Plaintiff bears the burden of proof in this case. The only evidence Plaintiff has presented is the imprecise testimony of Plaintiff's father. This testimony is so blatantly discredited by the objective Outbound Call Log that no jury could believe it. Accordingly, the Court finds that there is no genuine issue of fact for trial and that Defendant PRA is entitled to judgment as a matter of law.

An order and judgment consistent with this opinion will be entered.


Dated: <u>September 30, 2013</u>                    <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE


8